UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

SIOUX STEEL COMPANY, a South Dakota )   Civ. No.  19-4156
corporation, )
  )
     Plaintiff, )
  )
v. )
  )   **COMPLAINT**
AMERICAN INTERNATIONAL GROUP, )
INC. and INSURANCE COMPANY OF THE )
STATE OF PENNSYLVANIA, )
  )
     Defendants. )

Plaintiff, by and through its undersigned attorneys, for its cause of action states:

## PARTIES

1. Plaintiff, Sioux Steel Company, (SSC) is a manufacturer of grain bins, buildings, livestock equipment, and other goods.

2. Sioux Steel Company is a South Dakota corporation with a principal place of business in Sioux Falls, South Dakota.

3. Defendant American International Group, Inc. (AIG) is an insurance company with its primary place of business in the State of New York, doing business in the state of South Dakota.

4. Defendant Insurance Company of the State of Pennsylvania (ICSP) is a company with its primary place of business in the State of New York, doing business in the state of South Dakota.

**JURISDICTION**

5. Jurisdiction is properly based upon diversity of citizenship pursuant to 28 U.S.C. § 1332. The amount in controversy exceeds $75,000, exclusive of costs and interest.

**VENUE**

6. Venue is proper in the United States District Court for the District of South Dakota, Southern Division, pursuant to 28 U.S.C. § 1391 because the acts, omissions, or events giving rise to this lawsuit occurred in Minnehaha County, South Dakota.

**FACTUAL ALLEGATIONS**

7. SSC is in the business of manufacturing and selling hopper silos for the use of handling and storing commodities.

8. Plaintiff purchased a foreign commercial general liability insurance policy from Defendants, which included coverage in the country of Mexico.

9. Under the insurance policy, Defendants had a duty to defend SSC against any suit seeking damages to which the insurance policy applied.

10. On or about November 2014, Molinos Azteca ("Molinos"), an authorized distributor for the SSC, sold a SSC hopper silo to Agropecuaria El Avion ("Agropecuaria") for the handling, storage, and delivery of soybean meal commodity. The hopper silo was installed in Tepic, Mexico.

11. On or about February 2, 2015, two employees of Agropecuaria were using the SSC hopper silo for delivery of commodities when the hopper silo, without warning, catastrophically failed discharging 681,820.00 Kg (approximately 750 tons) of soybean meal and metal debris on the workers.

12. The two Agropecuaria employees suffered fatal injuries.

13.    Agropecuaria sought direct damages from SSC for the loss of equipment and soybean meal, and for contribution and indemnity under Mexican law for the death of its two employees.  The damage claim of Agropecuaria exceeded $1.5 million.

14.    The loss was reported to the Defendants.

15.    On July 30, 2015, Defendants issued a reservation of rights letter, questioning coverage of the claim under an exclusion titled "Engineers, Architects or Surveyors Professional Services, Endorsement 6, Form 79007 (11/03)." ("Engineers Exclusion").

16.    Defendants have represented that the intent of the Engineers Exclusion "is to exclude liability related to professional services offered for a fee unrelated to the development and sales of [SSC's] own products."

17.    Defendants knew this exclusion did not apply to the loss/claim.

18.    On September 15, 2015, Defendants entirely denied coverage of the loss/claim on the basis of the Engineers Exclusion.

19.    Defendants denied coverage of the loss/claim without a reasonable basis.

20.    Defendants breached their duty to defend SSC from the loss/claim.

21.    Because of Defendants' denial, SSC incurred significant financial hardship.

22.    SSC was required to obtain legal counsel and incur other costs and services to defend the claim.

23.    SSC was able to resolve the claim through settlement, which SSC paid out of its own assets in the amount of Six Hundred and Eighty-Five Thousand United States Dollars, ($685,000).

24.    Defendants breached their duties to SSC and then attempted to resolve Defendants' liability through a post-claim settlement with SSC.

25.     After denying coverage, Defendants attempted to settle with SSC by offering to cover some of the Agropecuaria settlement, but on the condition of a release of other claims by SSC against Defendants.

26.     Defendants' effort to resolve their contractual liability on the condition of a release of bad faith liability illustrates malice toward SSC.

27.     Defendants' denials here illustrate a policy, pattern, or practice of denying valid claims, with the intent to later minimize Defendants' liability through post-resolution settlement.

28.     This policy and practice shifts the burdens of defense and claim payment to Defendants' insureds.

29.     These policies and practices are an unfair claim practice.

30.     Due to the Defendants' failure to pay benefits, SSC had fewer assets available to deal with changing economic conditions of its business.

31.     Because SSC had fewer assets, it was forced to lay off employees and take other actions, which would not have been required but for Defendants' denials.

### COUNT I – BREACH OF INSURANCE CONTRACT

Plaintiff, for Count I of its Complaint against the Defendants, states:

32.     Plaintiff incorporates by reference each and every paragraph set forth herein.

33.     Under the contract of insurance, Defendants were responsible to defend and indemnify SSC for the losses sustained by SSC.

34.     Defendants breached the contract with Plaintiff when Defendants failed to investigate and properly adjust the claim and to pay for the damages caused by the hopper silo failure.

4

35.     Defendants breached the duty to defend and indemnify Plaintiff against the claims raised by Agropecuaria for the failure of the hopper silo and the death of two employees.

36.     Plaintiff incurred damages in making payment of the Agropecuaria settlement, which is monies that should have been paid by Defendants under the insurance contract.

37.     Plaintiff incurred expenses related to the claims raised by Agropecuaria for the failure of the hopper silo, including the expenses of legal counsel, consultants, and other expenses.

38.     Defendants breach of the insurance contract bars Defendants from other contractual remedies or benefits.

### COUNT II – BAD FAITH (COMMON LAW)

Plaintiff, for Count II of its Amended Complaint against the Defendants, states:

39.     Plaintiff incorporates by reference each and every paragraph set forth herein.

40.     Defendants, upon investigation, had a duty to defend and indemnify the insured loss.

41.     Defendants had a duty to determine the reasonable losses to the insured from the hopper silo failure and have failed to recognize that any loss has been sustained by SSC.

42.     There is no basis for Defendants to deny damage and loss to SSC.

43.     Defendants knew there was no basis to deny the damage and loss to SSC.

44.     Defendants violated the terms of the insurance contract by advancing their interest over the interest of SSC.

45.     Defendants failed to give equal consideration to the interest of SSC.

46.     Defendants otherwise acted in bad faith handling of SSC's claim.

### COUNT III – CONVERSION

Plaintiff, for Count III of its Complaint against the Defendants, states:

47.    Plaintiff incorporates by reference each and every paragraph set forth herein.

48.    Plaintiff made regular premium payments to Defendants which were to be in exchange for insurance coverage.

49.    Defendants exercised control over those premium payments since they were made in a manner that has deprived Plaintiff of its interest in those monies.

### COUNT IV – BAD FAITH (STATUTORY)

Plaintiff, for Count IV of its Complaint against the Defendant, states:

50.    Plaintiff incorporates by reference each and every allegation set forth above.

51.    Defendants' actions, described above, constitute unfair or deceptive acts or practices in the business of insurance, under SDCL 58-33-67.

52.    As a result of Defendants' unfair or deceptive acts in the business of insurance, Plaintiff was forced to incur unnecessary costs in the investigation and resolution of the insurance claims, including additional costs and expenses, including attorneys' fees and expert witness fees.

53.    Pursuant to SDCL 58-33-46.1, Plaintiff is entitled to recover civil damages for the actual and consequential damages suffered as a result of such unfair trade practices including:

1)    interest on the individual claims which were paid for the period of time said benefits were unreasonably withheld,

2)    costs incurred by Plaintiff, including expert witness fees and other costs,

3)    reasonable attorneys' fees to be determined by the Court; and

4)    any other actual or consequential damages stemming from Defendants' unfair trade practices/statutory bad faith.

## COUNT V - PUNITIVE DAMAGES

Plaintiff, for Count V of its Complaint against the Defendants, states:

54.     Plaintiff incorporates by reference each and every paragraph set forth herein.

55.     Defendants' conduct and denials were outrageous, fraudulent, malicious, intentional, and/or willful, wanton, and reckless, thereby entitling Plaintiff to punitive damages to punish, and make an example of Defendants.

**WHEREFORE,** plaintiff requests compensatory damages in excess of $75,000; for other general and special damages in an amount to be determined by the jury; punitive damages in the amount to be determined by the jury; prejudgment interest as allowed by law, attorney's fees and costs; and such other further relief as the court deems just and equitable under the circumstances.

Dated this 6th day of September, 2019.

GOODSELL QUINN, LLP


BY: /s/ G. Verne Goodsell
     G. Verne Goodsell
     David S. Barari
     Nathan R. Oviatt
     Attorneys for Plaintiff
     246 Founders Park Drive, Ste. 201
     P.O. Box 9249
     Rapid City, SD 57709-9249
     (605) 343-3000

**PLAINTIFF REQUESTS TRIAL BY JURY**

BY: /s/ G. Verne Goodsell
     G. Verne Goodsell

8

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

SIOUX STEEL COMPANY, a South Dakota Corporation,

**(b)** County of Residence of First Listed Plaintiff    Minnehaha
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

G. Verne Goodsell, David Barari, Nathan R. Oviatt, Goodsell Quinn, LLP.
246 Founders Park Dr., Suite 201, Rapid City, SD  57701  605-343-3000

## DEFENDANTS

AMERICAN INTERNATIONAL GROUP, INC. and INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA,

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government
     Plaintiff
- ☐ 2  U.S. Government
     Defendant
- ☐ 3  Federal Question
     *(U.S. Government Not a Party)*
- ☒ 4  Diversity
     *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                          *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332
Brief description of cause:
Dfts. denied Plf coverage for loss under its foreign commercial general liability insurance policy

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☒ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE  9/6/19

SIGNATURE OF ATTORNEY OF RECORD    G. Verne Goodsell

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____